UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEMUS RONDON MOREJON,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-06761-DAD-AC<br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u><br>(Doc. No. 1) |

On August 24, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE") and including, as construed by the court, a request for temporary restraining order ("TRO"). (Doc. No. 1.) On August 27, 2026, respondent was ordered to file a response to petitioner's filing and was also directed to indicate whether respondent opposed the court from ruling on the underlying habeas petition based on the briefing presently before it. (Doc. No. 4.) Respondent filed that response on August 31, 2026, arguing that 8 U.S.C. § 1231(a) governed petitioner's current detention given he had previously been ordered removed. (Doc. No. 5.) Respondent did not state any objection to this court ruling on petitioner's habeas petition at this time based on the current briefing and the court will do so.

Based on the parties' submissions, the court makes the following findings. Petitioner is a native and citizen of Cuba who has been in this country since 1980. (Doc. No. 1 at 2; Doc. No. 5

at 2.) Both petitioner and respondent explain that petitioner was ordered removed from the United States by an immigration judge ("IJ") in 2018. (Doc. No. 1 at 2; Doc. No. 5 at 2.) Immigration officials then re-detained petitioner in January 2026, and he remains in immigration detention to this day. (Doc. No. 1 at 3.) Respondent states it is trying to remove to petitioner to a third-country, specifically Mexico. (Doc. No. 5 at 1.)

Respondent asserts petitioner's current detention is lawful because, while the six-month post-order removal immigration detention benchmark established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), has now expired, petitioner can still detain because he has not shown that there is no significant likelihood of his removal in the reasonably foreseeable future. (Doc. No. 5.) For the following reasons, this court disagrees with respondent's argument in this regard and will order petitioner's immediate release.

It is true that the United States Supreme Court has held that a six-month period of detention of noncitizens subject to a removal order is presumptively reasonable. *See Zadvydas,* 533 U.S. at 701. Nonetheless, in their argument in opposition to the pending petition respondent improperly flips the burden of proof onto petitioner. In *Zadvydas* the Supreme Court stated that s "[a]fter this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* However, and importantly under the circumstances of this case, "'[t]he burden-shifting framework from *Zadvydas* does not apply[ ] where the petitioner has already been 'issued a final order of removal, detained, and subsequently released[.]" *Espada v. Doe*, No. 5:25-cv-02983-JWH-KES, 2026 WL 181539, at *5 (C.D. Cal. Jan. 20, 2026) (citation omitted), *report and recommendation adopted*, No. 5:25-cv-02983-JWH-KES, 2026 WL 192150 (C.D. Cal. Jan. 23, 2026); *see also Fataliyeva v. Santacruz*, No. 5:26-cv-00506-DTB, 2026 WL 1206010, at *4 (C.D. Cal. Apr. 28, 2026) ("This means that noncitizens subject to revocation . . . have already met their burden to show 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'") (citation omitted). Thus, the burden is now on the government, not petitioner, and the government has not met its burden here.

Specifically, respondent has made no showing of a significant likelihood that petitioner will be removed in the reasonably foreseeable future. *See Gutnik v. Bondi*, No. 5:26-cv-00908-WLH-ACCV, 2026 WL 700546, at *2 n.1 (C.D. Cal. Mar. 5, 2026) ("Because Petitioner was released over 17 years ago, the government likely determined that there was no significant likelihood that Petitioner would be removed in the reasonable future[.]"). Respondent indicates the government intends to remove petitioner to Mexico rather than Cuba but concedes that "his removal is not currently scheduled." (Doc. No. 5 at 3.) Moreover, petitioner was ordered removed to Cuba, not Mexico, and respondent has not presented any travel documents associated with petitioner regarding his removal to Mexico despite him having been ordered removed in 2018.

Accordingly, the court incorporates and adopts its reasoning set forth in *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618 (E.D. Cal. July 16, 2026), and concludes that respondent has not demonstrated changed circumstances regarding the likelihood of petitioner's removal in the reasonably foreseeable future. *See Medina v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26-cv-04746-DAD-JDP (HC), 2026 WL 1864685, at *1 (E.D. Cal. June 29, 2026) ("Respondent does not provide any evidence that removal of petitioner to Cuba is now foreseeable, instead arguing only that petitioner can be removed to Mexico as a third country.").

For these reasons:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Frank Lemus Rondon Morejon, A-File No. 023-219-286, from respondent's custody on the conditions, if any, he was subject to prior to his re-detention on or about January 27, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2. The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

3. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 4, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE